IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONICA JEFFRIES,                           *

    Plaintiff,                             *

                                        Case No. 8:26-cv-00542-TJS

        v.                                 *

AMERICAN PROPERTIES AT ANDREWS, *ET*
*AL.*,                                     *

    Defendants.                            *

                        *    *    *    *    *    *

**MEMORANDUM OPINION**

On February 9, 2026, Plaintiff Monica Jeffries filed a complaint against Defendants American Properties at Andrews ("Andrews") and Travelers Property Casualty Company of America. ECF No. 1. Pending before the Court is Defendants' Motion to Dismiss ("Motion") (ECF No. 21). Plaintiff has not responded to the Motion, and the time for doing so has passed. *See* ECF No. 27 (establishing a response deadline of May 27, 2026, and stating that the deadline would not be changed). Plaintiff's complaint is not unlike a prior complaint that the Court dismissed for lack of subject matter jurisdiction. Because this Court again determines that it lacks subject matter jurisdiction, the case will be dismissed.[1]

In her complaint, Plaintiff claims that she slipped and fell because of a "huge hole" on Andrews' property located on Allentown Road in Prince George's County, Maryland. ECF No. 1 at 3. She brings claims for negligence and "bad faith" against both Defendants. *Id.* at 3-5. She does not assert any claims under federal law.

---

[1] In accordance with 28 USC 636(c), all parties have voluntarily consented to have a magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF No. 16.

Plaintiff is a citizen of Maryland. ECF No. 1 at 2. And as Judge Simms explained in Plaintiff's previous case, Defendant Andrews is also a citizen of Maryland. *See Jeffries v. Travelers Prop. Cas.*, No. GLS-21-1128, 2022 WL 1155874, at *1 (D. Md. Apr. 19, 2022); *see also Jeffries v. Travelers Prop. Cas.*, No. GLS-21-1128, ECF No. 30-2; *see generally Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members[.]").

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). This Court therefore must independently determine whether it has subject matter jurisdiction over this case and dismiss the case if it does not. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Because questions of subject matter jurisdiction relate to the Court's power to hear the case, they must be resolved before the Court can turn to the sufficiency or merits of a claim. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal citation and quotation marks omitted). Federal courts have original jurisdiction over civil cases, with some exceptions not relevant here, only in two instances: (1) under federal question jurisdiction, where the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity jurisdiction, where the parties in the case are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. The party seeking to invoke the Court's jurisdiction has the burden to establish that it exists. *See,*

*e.g.*, *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) ("The burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction.") (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).

Plaintiff brought this suit based on diversity jurisdiction. ECF No. 1-10. With the exception of certain class actions, diversity jurisdiction requires complete diversity of citizenship, "meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant.". *Mountain State Carbon,* 636 F.3d at 103. In this case, Plaintiff and Andrews are both citizens of Maryland. Because there is not complete diversity of citizenship among the parties, the Court does not have diversity jurisdiction.[2] And because Plaintiff has neither asserted a federal claim, nor claimed that this case presents a federal question, she has not met her burden to establish federal question jurisdiction.

Because the Court does not have subject matter jurisdiction, Plaintiff's complaint will be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).

Alternatively, even if this Court had diversity jurisdiction, it would still lack jurisdiction because of the *Rooker-Feldman* doctrine, which bars actions in federal district court "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005). The claims that Plaintiff raised in her complaint appear to be the same claims that were previously addressed in state court. *See Jeffries v. Am. Props. At Andrews, LLC,* No. 494, Sept. Term, 2025, 2026 WL 482214, at *1 (Md. Ct. Spec. App. Feb. 20, 2026) ("Monica Jeffries, appellant, filed a

---

[2] Because Andrews' Maryland citizenship destroys complete diversity, the Court does not address the citizenship of Travelers.

complaint against American Properties at Andrews, LLC and Travelers Property Casualty Company of America, appellees, after she allegedly fell into a pothole in a parking lot on property owned by American Properties.").

As another alternative basis for the Court's ruling, the Court notes that Plaintiff has failed to prosecute this case. *See* Fed. R. Civ. P. 41(b) (providing that "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it"). District courts have inherent authority to dismiss actions for failure to prosecute sua sponte. *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019), *as amended* (June 10, 2019) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). In deciding whether to dismiss a case under Rule 41(b), the Fourth Circuit has instructed district courts to weigh "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson*, 925 F.3d at 625 (citing *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)).

Plaintiff was advised of her right to file a response to the Motion, and that her case could be dismissed if the Motion is granted. ECF No. 22. The Court granted Plaintiff's request for an extension of time to respond to the Motion, setting a response deadline of May 27, 2026. ECF No. 27. The Court admonished Plaintiff that she "must continue with [the] diligent prosecution" of this case. *Id.* Yet Plaintiff still failed to respond to the Motion.  Plaintiff is representing herself and is personally responsible for her failure to respond to the Motion. Continuation of this case would prejudice Defendants, especially considering Plaintiff's history of litigation against them in this Court and in state court. *See Jeffries v. Prince George's Cnty.*, No. AAQ-22-526, 2025 WL 590433, at *10 (noting that Ms. Jeffries "history of litigation is voluminous" (including more than 70

4

lawsuits filed since 2007), that she has filed "against an entity named 'American Properties at Andrews' at least five times," that "[m]any of Plaintiff's prior lawsuits are duplicative, in that they involve the same defendant multiple times," and collecting cases). No sanction short of dismissal would be effective. Because Plaintiff has failed to prosecute her case, dismissal without prejudice is warranted under Rule 41(b).[3]

Defendants' Motion to Dismiss is **GRANTED**. By separate Order, Plaintiff's complaint will be dismissed without prejudice.


Date: June 10, 2026

_____/s/_____
Timothy J. Sullivan
Chief United States Magistrate Judge

---

[3] Because the Court lacks subject matter jurisdiction, it does not consider whether dismissal with prejudice would be warranted.